UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK, | No. 2:18-cv-2948 AC P |
| Petitioner, | |
| v. | ORDER and |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner proceeding pro se, has filed a motion to proceed in forma pauperis and a petition for a writ of mandate. See ECF Nos. 1, 7. Petitioner avers in part that he is "overdue on release" and seeks, inter alia, his "release asap." ECF No. 1 at 2-3. This action was designated upon filing as both a petition for writ of habeas corpus and a petition for writ of mandate under the All Writs Act, 28 U.S.C. § 1651. The case is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the court grants petitioner's request to proceed in forma pauperis but recommends the dismissal of this action for lack of jurisdiction.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit ($5.00). Accordingly, the application to proceed in forma pauperis, see ECF No.

7 (see also ECF No. 8), will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court must summarily dismiss a petition for writ of habeas corpus filed by a state prisoner if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The All Writs Act, which authorizes federal courts to "issue all writs necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), is "not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction." Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

Exhibits to the petition include a Felony Abstract of Judgment in Sacramento County Case No. 17FE001757, indicating that petitioner was convicted by jury on February 16, 2018, for violation of California Vehicle Code § 2800.2(a) (evading a police officer/reckless driving), and was sentenced to a prison term of six years; petitioner was also ordered to pay $1800 in restitution and fees. ECF No. 1 at 11, 25, 39 (duplicates). The petition and its exhibits are replete with references to the Uniform Commercial Code (UCC). The petition seeks a peremptory writ, under California law, commanding respondents California Department of Corrections and Rehabilitation and the Sacramento County Superior Court to "[r]eserve my right not to be compelled to perform under any contract of commercial agreement by bonded officials unconstitutionally under oath of office acting as an *exector de son tort* without full disclosure and order defendants' release asap." Id. at 3 (sic) (emphasis added); see also id. at 2 (identifying respondents).[1] An *exector de son tort* refers to "[a] person who, without legal authority, takes on the responsibility to act as an executor or administrator of a decedent's property, usually to the detriment of the estate's beneficiaries or creditors." Black's Law Dictionary, 7th Ed. (1999), p. 591.

Exhibits to the petition include a copy of petitioner's relevant inmate grievance submitted October 5, 2018, ECF No. 1 at 21-4; 35- 8 (duplicate); a Letter Rogatory for Relief under the

---

[1] Duplicate copies of the petition are included. See ECF No. 1 at 1-6; 15-20; 29-34.

Hague Convention, signed by petitioner, 18 U.S.C. § 1781, id. at 43-6; a Durable Power of Attorney executed by petitioner for petitioner, id. at 47-71; a "Cease and Desist From Copyright Infringement Notice," id. at 54-7; petitioner's birth certificate, id. at 60, 68 (duplicate); and an affidavit of reservation of rights under the UCC, id. at 62-70.

The court takes particular note of an exhibit called "Affidavit of Fact and Surrender of the Alleged Legal Fiction/Legal Person/Legal Entity 'Loureece Stone Clark ©,'" which is endorsed as "received" by the Sacramento County Superior Court on January 26, 2018. See ECF No. 1 at 58-61. The Affidavit appears to have been submitted for filing in two criminal cases, including Case No. 17FE001757. Petitioner relies on this Affidavit in an attempt to denounce or relinquish his "former" name, i.e. the "ficticious entity" ("legal fiction/legal person/legal entity") "Loureece Stone Clark ©," and all legal matters associated with that entity, including his recent conviction and the Abstract of Judgment that bears the name "Loureece Stone Clark" without the "©." Petitioner seeks to now proceed only as "Loureece Stone of the family Clark a living and breathing man," with no legal obligations or encumbrances. Petitioner relies on California Code of Civil Procedure §§ 1085 & 1086, authorizing the issuance of state writs, and California case law. ECF No. 1 at 4-5.

Even if petitioner's Affidavit were enforceable, this court is without jurisdiction to enforce state law. Nor does the petition contain any basis for federal jurisdiction. Federal habeas jurisdiction under 28 U.S.C. § 2254 lies for challenges to state court criminal judgments "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." The contention that petitioner was convicted in state court under a legally fictitious identity does not implicate any federal constitutional right or otherwise suggest any cognizable federal habeas claim. Nor is the All Writs Act helpful to petitioner. The Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Because this court does not have jurisdiction over petitioner's claims, it is without authority to exercise discretion under the All Writs Act.

////

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 7, is granted; and

2. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, for the reasons set forth above, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE